15 F.3d 1091
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
George Manuel DIZON, Defendant-Appellant.
 No. 92-50513.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 4, 1993.*
Decided Jan. 25, 1994.
 
 Before: NORRIS, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Dizon was convicted after a jury trial of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. Sec. 841(a)(1), and of importation of methamphetamine into the United States, in violation of 21 U.S.C. Secs. 952(a) and 960(a)(1). Dizon appeals his conviction.
 
 
 3
 Dizon argues that the district court abused its discretion in admitting into evidence three customs declaration forms documenting Dizon's entry into the United States from the Philippines on previous trips. At trial, an expert testified that a customs declaration form is an official form that every international passenger is required to fill out and sign upon entry into the United States. When a passenger or his or her bags are searched by a customs inspector, the inspector signs the form. If no search is conducted, the passenger turns in the form as he or she passes through customs; the form is not signed by an inspector. The forms are then banded together by flight and stored in a box by date. The forms at issue here were not signed; the government offered them to prove that no search of Dizon had occurred on the previous occasions.
 
 
 4
 We conclude that the forms were properly admitted under Federal Rules of Evidence 801(d)(2) and 803(10). Rule 801(d)(2) provides that "[a] statement is not hearsay if ... [t]he statement is offered against a party and is ... the party's own statement." Here, Dizon testified that he had prepared and signed the customs forms. These forms, therefore, are admissions made by Dizon against his own interest, and are admissible under Rule 801(d)(2).
 
 
 5
 Moreover, the absence of the signature of a customs inspector can be used to prove that Dizon was not searched on the previous trips. Rule 803(10) provides that the absence of a public record or entry may be admitted:
 
 
 6
 To prove ... the nonoccurrence ... of a matter of which a record, report, statement, or data compilation, in any form, was regularly made and preserved by a public office or agency ... [so long as] testimony [is presented indicating] that diligent search failed to disclose the record, report, statement or data compilation, or entry.
 
 
 7
 Here, testimony was presented that inspectors were required to sign the forms if a search occurred. No signature was found on the forms. The absence of a signature thus could be used to prove that no search occurred.
 
 
 8
 In sum, the district court did not abuse its discretion in admitting the evidence.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3